UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| MASSIMO MAZZACCONE, individually, and on behalf of all others similarly situated, | : |
| | : |
| | : |
| | : |
| Plaintiff, | :    Civil Case No. 24-cv-02681-JHR |
| | : |
| v. | : |
| | : |
| CORPORACIÓN ELÉCTRICA NACIONAL S.A. | : |
| | : |
| Defendant. | : |
| | : |

---

### FIRST AMENDED CLASS ACTION COMPLAINT

Pursuant to Federal Rules of Civil Procedure 15(a), Plaintiff Massimo Mazzaccone ("Plaintiff"), by and through his undersigned counsel, for his First Amended Complaint brings this proposed class action on behalf of himself and all other similarly situated persons (collectively, the "Class") against Defendant Corporación Eléctrica Nacional S.A. ("Corpoelec" or "Defendant"), and alleges as follows:

### NATURE OF THE ACTION

1.      This is a proposed class action for breach of contract arising from Defendant's failure to make contractually mandated payments of principal and interest on its $650,000,000 8.5% Senior Notes due 2018 (the "Notes") starting on April 10, 2018. Defendant is liable as the successor by merger to the issuer of the Notes, C.A. La Electricidad de Caracas ("EDC"). Plaintiff holds and has held $133,000 principal amount of the Notes since before the default.

2.      The Notes were issued pursuant to an Indenture, dated April 10, 2008 (the "Indenture"), among EDC, The Bank of New York, as Trustee, Registrar and Principal Paying

Agent, and The Bank of New York (Luxembourg) S.A., as Luxembourg Listing Agent and Paying Agent. A true and accurate copy of the Indenture, with the forms of the Notes attached as exhibits thereto, is attached as **Exhibit A**.

3.     Wilmington Trust, N.A., is the successor Trustee, Registrar and Principal Paying Agent to The Bank of New York. Wilmington Trust SP Services (Luxembourg) S.A. is the successor to The Bank of New York (Luxembourg) S.A. as Luxembourg Listing and Paying Agent.

4.     The proposed Class is defined to include all holders of Notes on April 9, 2024, who continue to hold thereafter.

5.     For their relief, Plaintiff and the other class members seek payment of the unpaid principal and the accrued and unpaid interest on their Notes, and interest thereon, as provided in the Indenture and in the Notes themselves, under New York law.

## THE PARTIES

6.     Plaintiff Massimo Mazzaccone is a citizen and resident of Italy. He holds $133,000.00 principal amount of Notes.

7.     Defendant Corpoelec is owned 75% by the Bolivarian Republic of Venezuela (the "Republic") and 25% by Petróleos de Venezuela, S.A. ("PDVSA"). PDVSA is a capital stock corporation organized under the laws of the Republic and majority owned by the Republic. The Republic is a foreign state as defined in 28 U.S.C. § 1603. Corpoelec, as an enterprise majority owned by the Republic, as well as indirectly owned by the Republic through PDVSA, is thereby also deemed a foreign state and an agency or instrumentality of a foreign state as defined in 28 U.S.C. § 1603.

8.     In a letter to the Trustee dated November 30, 2012, Corpoelec, as EDC's

successor by merger, confirmed that it assumed all of EDC's duties, liabilities, and obligations under the Indenture and the Notes.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1330(a), because Corpoelec is a foreign capital stock corporation a majority of which is owned directly by the Republic, which is a foreign state pursuant to 28 U.S.C. § 1603.

10.      Corpoelec has explicitly and unconditionally waived sovereign immunity under Section 9.10 of the Indenture and Section 18 of the Notes with respect to actions arising out of or based on the Indenture and the Notes, and is, therefore not entitled to immunity under 28 U.S.C. §§ 1605-07 or under any applicable international agreement with respect to the claims asserted in this action.

11.      In addition, this Court has personal jurisdiction over Corpoelec pursuant to 28 U.S.C. § 1330(b) and because Corpoelec consented in the Indenture and the Notes to submit to the jurisdiction of this Court in any action brought in connection with the Notes. *See* Ex. A § 9.10.

12.      Venue is proper in this Court because Corpoelec irrevocably consented to venue with respect to actions brought in this Court in connection with the Indenture or the Notes pursuant to 28 U.S.C. § 1391(f)(1). *Id.*

13.      Corpoelec has appointed CT Corporation as its authorized agent to receive and forward any writs, process and summonses in any suit, action, or proceeding brought in connection with the Indenture or the Notes against Corpoelec in any United States federal court sitting in the Borough of Manhattan, New York City. *Id.*

## FACTUAL ALLEGATIONS

14.    Corpoelec is a vertically integrated public utility entity responsible for operation of the Republic's electricity sector. It was established in 2007 when the government nationalized and merged some 16 utilities, including EDC, pursuant to Decree No. 5,330 issued by the Venezuelan President Hugo Chavez. The decree provided that 75% of Corpoelec's shares would be owned by the Republic and 25% by PDVSA, a state-owned oil and gas company.

15.    Corpoelec has replaced EDC as obligor on the Notes. Section 4.1(b) of the Indenture further provides that any successor company to EDC, like Corpoelec, will assume all of EDC's obligations under the Indenture and the Notes.

16.    The Notes were issued under the terms of the Indenture. The principal amount, interest rate, payment dates, and other relevant terms are set forth in the Indenture and in the Notes.  The Notes represent duly issued and valid unconditional obligations of Corpoelec.

17.    Plaintiff holds beneficial interests in the Notes as follows:

| ISIN No. | Indenture | Maturity Date | Interest Rate | Principal Amount Held by Plaintiff |
|---|---|---|---|---|
| XS0356521160 | April 10, 2008 | April 10, 2018 | 8.50% | $133,000.00 |

18.    The Notes held by Plaintiff represent duly issued and valid unconditional obligations of Corpoelec, requiring repayment of principal to Plaintiff on the Maturity Date shown in the chart above.

19.    The Indenture and the Notes held by Plaintiff also require Corpoelec to make semi-annual interest payments to Plaintiff, on the on the dates shown in the chart below, until the principal is paid or fully provided for:

| ISIN No. | Semi-Annual Payment Dates | First Missed Interest Payment | Interest Default Date | Current Amount of Unpaid Interest on Notes Held by Plaintiff |
|---|---|---|---|---|

| XS0356521160 | Apr. 10<br>Oct. 10 | April 10, 2018 | May 10, 2018 | $67,830.00 |
|---|---|---|---|---|

20.    Beginning in April 2018, Defendants began to cease meeting its obligations under the Notes. Since then, no payment of principal and no further interest payments have been made.

21.    The terms and conditions of the Notes provide that an "Event of Default" occurs if Defendant fails to pay the principal, interest, or other amounts due on the Notes when due, and such failure continues for a period of 30 days.  *See* Ex. A § 5.1.

22.    Because Defendant has failed to make principal and interest payments due on the Notes for thirty days or more, multiple events of default exist under the terms of each series of the Notes.

23.    On or about April 12, 2018, the Trustee issued a Notice of Default to all holders of the Notes**,** notifying them that the principal and interest payments due on April 10, 2018, were not received by the Paying Agent and that Events of Default had occurred under the Indenture.

24.    Plaintiff's Notes are all outstanding under the terms of the Indenture. Plaintiff has received authorization to assert his claims as the beneficial owner of the Notes.

25.    By reason of the foregoing, Defendant has breached its contractual obligations to Plaintiff and the Class, and Defendant is liable to Plaintiff and the Class for damages, including payment of principal and interest, in an amount to be determined by the trier of fact.

## **CLASS ALLEGATIONS**

26.    Plaintiff brings this action on behalf of himself and on behalf of the following Class pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

27.    This Class is defined as: All holders of the Notes on April 9, 2024, who continue to hold thereafter. In this definition, the "Notes" are investors' beneficial interests in the issuer's Global Notes, but not the Global Notes themselves.

28.    This action is properly brought as a class action in that:

(a)    The members of the Class are so numerous that joinder of all members is impracticable. Plaintiff believes the Class consists of thousands of investors.

(b)    Plaintiff's claims are typical of the claims of all members of the Class because all Notes contain the same terms and conditions and Plaintiff and all the Class members have sustained common damages arising out of Defendant's default under the Indenture and on the Notes.

(c)    Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained competent counsel experienced in class action litigation and bond default litigation. Plaintiff does not have any interests antagonistic to those of the Class. Plaintiff seeks to recover on behalf of himself and all the Class members. The Class members may be identified from records maintained by the clearing agents for the Notes and their participants and brokers and may be notified of the pendency of this action through those entities and the media.

(d)    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all members of the Class would be impracticable. Plaintiff knows of no difficulty in the management of this action that would preclude its maintenance as a class

action. Section 9.3 of the Indenture provides that all matters relating to the Notes shall be governed by New York law.

(e)     There are questions of law and fact common to the members of the Class. Those questions predominate over any questions that may affect only individual members in that Defendant's liability arises under the common terms of the Indenture and the Notes and Defendant's defaults similarly affect all the Class members. Among the common questions are (i) whether an event of default has occurred under the Indenture and on the Notes; (ii) whether members of the Class have sustained damages from the default and, if so, the measure of damages; (iii) whether Defendant is liable for breach of contract for its defaults and non-payments; and (iv) whether Defendant claims any defenses and, if so, whether such defenses are valid.

## COUNT I

## BREACH OF CONTRACT

29.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 28 herein.

30.     Plaintiff and the Class members purchased their Notes for good and valuable consideration.

31.     The Notes were duly issued by EDC pursuant to the Indenture and are valid and unconditional obligations of Defendant as EDC's successor by merger.

32.    There exists a valid, binding and enforceable contract between Plaintiff and the Class members, as holders of the Notes under the Indenture; and Defendant, as the obligor under the Indenture and the Notes.

33.    The Notes are outstanding under the terms of the Indenture.

34.    Defendant has failed to make any further payments of principal and interest on the Notes since default.

35.    Plaintiff has performed and complied with all terms and obligations under the contract with respect to the Indenture and the Notes.

36.    Defendant has breached its contractual obligations to Plaintiff to make timely payments under the Indenture and the Notes as described herein. Each such contractual obligation will continue as long as the Class member continues to hold the Notes.

37.    Defendant is liable to Plaintiff and the Class members for the amounts of unpaid principal and interest to date, plus such additional amounts as they accrue, become due, and remain unpaid by Defendant, plus interest thereon.

## REQUESTS FOR RELIEF

**WHEREFORE**, Plaintiff demands orders and judgment against Defendant as follows:

i.    Certifying the Class as set forth herein and designating Plaintiff as the Class representative and his counsel as Class counsel;

ii.    Awarding damages to Plaintiff and the other Class members holding the Notes to compensate them for Defendant's breaches of its obligations under the Indenture and the Notes, in amounts to be determined by the Court;

iii.    Awarding Plaintiff his costs, attorney fees, expert fees, interest, costs of

suit, and other reasonable compensation and reimbursements; and

iv.    Providing such other further relief as this Court shall deem just and

proper.

Dated: New York, New York
       May 5, 2025

                                        **DUANE MORRIS LLP**


                                        By: _Anthony J. Costantini_
                                        Anthony J. Costantini
                                        Email: AJCostantini@duanemorris.com

                                        1540 Broadway
                                        New York, NY 10036-4086
                                        Telephone: +1 212 692 1032
                                        Fax: +1 212 202 4715

                                        *Attorneys for Plaintiff*

| Summary Report: Litera Compare for PDF 11.9.1.1 Document comparison done on 5/5/2025 6:52:51 PM | |
|---|---|
| **Style Name:** Default Style | |
| **Original filename:** Dkt. 001 - 2024-04-09- Mazzaccone v. Corpoelec - Class Action Complaint.pdf | |
| **Modified filename:** 2025-05-05- Mazzaccone v. Corpoelec - First Amended Class Action Complaint.pdf | |
| **Changes:** | |
| Add | 7 |
| Delete | 12 |
| Modified | 19 |
| **Total Changes:** | 38 |